**GENERAL CONFERENCE CORPORATION OF SEVENTH–DAY ADVENTISTS, Plaintiff–Appellee,**

v.

**SEVENTH–DAY ADVENTIST CONGREGATIONAL CHURCH; John R. Marik, Defendants–Appellants.**

No. 88–2506.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1989.

Decided Oct. 5, 1989.

Max A. Corbett, Annandale, Va., for defendants-appellants.

Peter N. Fowler of Lilienthal & Fowler, San Francisco, Cal., appeared and argued, and signed the brief on behalf of amici curiae, Davidian Seventh–Day Adventist Ass'n, Gen. Ass'n of Davidian Seventh–Day Adventists, Universal Publishing Ass'n, and Laymen for Religious Liberty.

Lorraine H. Akiba, Honolulu, Hawaii, for plaintiff-appellee.

Before HUG, SCHROEDER and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Defendants Seventh–Day Adventist Congregational Church and John Marik appeal a judgment on the pleadings and the issuance of a permanent injunction against them in a trademark infringement action. We reverse and remand for further proceedings.

## BACKGROUND AND PROCEEDINGS BELOW

The General Conference Corporation of Seventh–Day Adventists sued the Seventh–Day Adventist Congregational Church, located in Kealakekua, Hawaii, and its pastor, John R. Marik, under the Lanham Act, 15 U.S.C. § 1051 et seq., for trademark and service mark infringement, unfair competition, and false designation of origin. The General Conference also asserted claims under the common and statutory law of Hawaii relating to trademarks, service marks, trade names, unfair competition, deceptive trade practices, and false advertising. The complaint was filed on April 9, 1987. Marik, pro se, and allegedly on behalf of the Congregational Church, filed a response on May 18, 1987. The General Conference thought the response, which was in letter form, did not comply with the rules, and notified the defendants that it would give them an extension, until June 15, 1987, to file an amended answer. No amended answer was filed by that deadline.

On July 15, 1987, the General Conference filed a motion for judgment on the pleadings, or in the alternative, a motion to strike the answer of Marik and the Congre-

gational Church. A hearing on the motion was scheduled for September 8, 1987. On August 4, 1987, the defendants filed a "Denial of Plaintiff's Allegations." Pursuant to local rule, a scheduling conference was held August 10, 1987, before a magistrate. The magistrate advised Marik that the Congregational Church was an eleemosynary corporation and could not be represented pro se, and advised the Congregational Church to obtain legal counsel. The court continued the conference for that purpose.

The defendants filed no response to the motion for judgment on the pleadings. Because it received no opposition to the motion, the court ordered that judgment on the pleadings be granted, and denied the motion to strike. The judgment and a permanent injunction were entered December 8, 1987. The injunction prohibits the defendants from using a name that includes the term "Seventh Day Adventist" or "SDA," or promoting or representing to others that it is connected in any way with the General Conference. It also required the defendants to file a compliance report with the court within 30 days.

On December 28, 1987, the defendants, now represented by counsel, filed a motion for suspension of the injunction, a motion to set aside the judgment, and other related motions. On January 12, 1988, Marik and the Congregational Church filed a compliance report that stated that they refused to comply with the injunction because they believed the judgment was void for lack of subject matter jurisdiction, and because plaintiff's trademark was invalid. The General Conference responded with a motion to show cause why the defendants should not be held in contempt.

The district court denied defendants' motion to set aside the judgment, stating that the question whether "Seventh–Day Adventist" was a generic mark was one of law that had been decided in the judgment on the pleadings, and there was no reason to revisit the question upon a motion for new trial. The defendants filed a notice of

appeal on April 7, 1988. The district court then entered an order to show cause why defendants should not be held in contempt, and set a hearing for May 9, 1988. The district court held both Marik and the Congregational Church in contempt, set a fine of $500 per day until compliance against both defendants, individually and collectively, and ordered that a warrant issue for Marik's arrest until full compliance with the injunction. The court also awarded plaintiff $13,929.21 for attorneys' fees and costs incurred in pursuing the contempt order.

## DISCUSSION

 A judgment on the pleadings is a decision on the merits, and we review it *de novo*. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988). Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *McGlinchy*, 845 F.2d at 810. As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1969).

The defendants filed two pleadings that the district court construed as "Answers." If we construe these "answers" liberally because Marik had submitted them pro se,[1] *see United States v. Ten Thousand Dollars ($10,000) in U.S. Currency*, 860 F.2d 1511, 1513 (9th Cir.1988), they set forth two points that either raise questions of material fact, or present affirmative defenses. In the same permissive mode, the second "answer" filed after the motion for judgment on the pleadings, may be construed as an

---

1. Marik purported to answer for his church, an eleemosynary corporation. Not being an attorney, he could not answer for the church. The district court did not strike the answer, however. The church was represented by counsel by the time of its motion for new trial.

opposition to the motion. For these reasons, judgment on the pleadings was improper.

### A. Is "Seventh Day Adventist" a Generic Term?

█ A trademark, even if it has become incontestable, is subject to the defense that the mark is generic. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194–95, 105 S.Ct. 658, 661–62, 83 L.Ed.2d 582 (1985). A trademark's function is to identify and distinguish the goods or services of one seller from another. 1. J. McCarthy, *Trademarks and Unfair Competition* § 12:1 (2d ed. 1984). A generic mark is one that tells the buyer what the product is, rather than from where, or whom, it came. *Id.* A generic mark cannot be subject to trademark protection because it does not indicate the product or service's origin, but is the term for the product or service itself. *Id.*

█ The defendants claim that the name "Seventh Day Adventist" is generic: it refers to a religion, rather than the church organization. *See Christian Science Bd. of Directors v. Evans*, 105 N.J. 297, 520 A.2d 1347 (1987). Marik discussed the generic nature of the church name in his "Answers." Construing the "Answers" liberally, we find that Marik sufficiently raised the issue as an affirmative defense when he stated:

> The phrase "Seventh-day Adventist" is not theirs alone, as they would like to claim, for it describes a system or set of Bible based christian beliefs, doctines [sic], and standards. One, therefore, is not necessarily a Seventh-day Adventist because of what organization he may be affiliated with, but rather, he is a Seventh-day Adventist because of what he believes. Seventh-day Adventism is a particular faith, and those that conscientiously hold to that faith are Seventh-day Adventists. For an example, there are many different "Baptist" churches, but they all have a very similar faith.

Even assuming everything the General Conference alleges is true, the defendants are not liable for trademark infringement if they prove that the mark is generic. Because this defense was raised in the answer, it bars a judgment on the pleadings.

### B. Likelihood of Confusion

█ To establish trademark infringement, the plaintiff must prove that there is a likelihood of confusion from the defendant's use of a mark similar to plaintiff's. *See* 15 U.S.C. § 1114; *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988). Several factors are involved in determining likelihood of confusion, which is a question of fact. *See id.* at 1178–79; *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355 (9th Cir.1985) (*en banc*). These factors include: 1) the strength of the plaintiff's mark/name; 2) the proximity of the parties' goods; 3) similarity of the marks/names; 4) evidence of actual confusion; 5) marketing channels used; 6) likely degree of purchaser care; 7) defendant's intent in selecting the mark/name; and 8) likelihood of expansion of product lines. *Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1533–34 (9th Cir.1989).

█ In the "Answers," Marik makes several factual assertions regarding the likelihood of confusion. First, he notes that the Congregational Church has "never in any way sought to deceive or confuse any one in regards to our name." He also states that the word "congregational" in the name of his church is explanatory, and distinguishes the two different churches. He states that "people have been quick to recognize this," and that the church intentionally used the word "congregational" to clarify that they were not affiliated with the plaintiff. All of these factual allegations go to the issue of likelihood of confusion, and create a question of material fact that should not have been determined in a judgment on the pleadings.

### C. Other Matters

Defendants attempt to challenge the order of the district court holding them in contempt. That order was entered, however, after the notice of appeal was filed. The order appealed from was not stayed.

The notice of appeal stated that the appeal was from the judgment and injunction entered on December 8, 1987, and from the order denying new trial entered on March 16, 1988. It does not bring before us the later contempt order, and we decline to rule upon it. Further relief, if any, must come from the district court.

Because the contempt order is not before us, we deny the motion to supplement the record on appeal with the record of the contempt proceedings. We also deny, as not in compliance with Fed.R.Evid. 201, defendants' motion to take judicial notice of certain "adjudicative facts."

Remaining points urged by the defendants are without merit.

## CONCLUSION

The judgment on the pleadings in favor of plaintiff is REVERSED, and the cause is REMANDED to the district court for further proceedings.