**Daniel RAY, a minor, and Jamie Ray, his Parent and Guardian Ad Litem, Plaintiffs,**

v.

**ANTIOCH UNIFIED SCHOOL DISTRICT, Jonathon Carr and the Parents of Jonathon Carr, Inclusive, Defendants.**

No. C99–5001 (MEJ).

United States District Court, N.D. California.

July 24, 2000.

School District, Jonathan Carr, and the Parents of Jonathan Carr, the Parents of Jonathan Carr, defendants.

## ORDER DENYING DEFENDANT ANTIOCH SCHOOL DISTRICT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM

JAMES, United States Magistrate Judge.

### INTRODUCTION

Before this Court is Defendant's Motion for Judgment on the Pleadings as to Plaintiff's First Cause of Action for Failure to State a Claim. Having reviewed the parties' papers, the statutory and case law authority, and Good Cause Appearing, the Court HEREBY DENIES Defendant's Motion for Judgment on the Pleadings as to the First Cause of Action for Failure to State a Claim.

### BACKGROUND

On March 14, 2000, Defendant Antioch Unified School District filed this motion for judgment on the pleadings as to Plaintiff's first cause of action. Defendant moves pursuant to Federal Rule of Civil Procedure 12(c), for an order dismissing the first cause of action, "Title IX: Sex Discrimination," as that cause of action fails to state a claim upon which relief can be granted.

This is an action brought under Title IX of the Education Act of 1972, 20 U.S.C.A. § 1681, on behalf of a minor, Plaintiff Daniel Ray, an eighth grade student at Antioch Middle School, against Antioch Unified School District, Jonathon Carr, a minor and fellow student, and the parents of Jonathon Carr. Plaintiff brings this action by and through Jamie Ray, his parent and guardian ad litem.

The Court incorporates the factual background of this case as set forth in Plaintiff's second amended complaint.[1] Plain-

F. Anthony Edwards, Seibel, Finta & Edwards, Walnut Creek, CA, for Daniel Ray, Jamie Ray, Plaintiffs.

Louis A. Leone, Stubbs & Leone PC, Walnut Creek, CA, for Antioch Unified

1. On July 10, 2000, the Court Ordered Plain-    tiff to file a second amended complaint to

tiff's mother is a transgendered female in the process of gender transformation. Plaintiff alleges that between January 1999, and February 1999, Jonathon Carr, and other students at Antioch Middle School, without provocation from Plaintiff, repeatedly threatened, insulted, taunted, and abused Plaintiff during the school day and during school activities. Plaintiff further alleges that such harassment was based on the students' perception that Plaintiff was a homosexual, and due to the status and physical appearance of Plaintiff's mother, a transgendered female. Plaintiff alleges that the teachers and officers at Defendant Antioch Unified School District were aware of the widespread, general perception and belief that Plaintiff was a homosexual.

Plaintiff allegedly reported Defendant Carr's behavior, and the behavior of other harassing students, to the agents and employees of Defendant Antioch Unified School District who were responsible for the safety of students attending Antioch Middle School, and requested protection from such conduct while attending school and school activities. Plaintiff alleges that such agents and employees took no action to curtail the harassing conduct. Plaintiff further alleges that Defendant Antioch Unified School District, knew or should have known, that Defendant Carr specifically, had a history of violent attacks on other students and that he represented an unusual and specific threat to Plaintiff's safety at school.

Plaintiff alleges that on or about February 23, 1999, without provocation from Plaintiff, Defendant Jonathon Carr assaulted and battered Plaintiff while Plaintiff was on his way home from school. Defendant Jonathon Carr allegedly struck Plaintiff's head causing a concussion, hearing impairment in one ear, severe and permanent headaches, and severe psychological injury. As a proximate cause of

such injuries, Plaintiff acquired a sum of $3,240.00 in medical expenses as of the date the second amended complaint was filed.

Plaintiff claims that as a further direct and proximate result of Defendant Antioch Unified School District's indifference, Plaintiff is afraid for his physical safety and well-being, with Plaintiff's fright and emotional state being so severe and pervasive, that it effectively bars Plaintiff's access to an educational opportunity or benefit.

## DISCUSSION

### Defendant's Position

Defendant Antioch Unified School District moves this Court for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), as to Plaintiff's First Cause of Action, "Title IX: Sex Discrimination," as that cause of action fails to state a claim upon which relief can be granted. Defendant contends that even were all the material facts alleged in Plaintiff's second amended complaint found to be true, Defendant Antioch Unified School District would be entitled to a judgment as a matter of law as Title IX of the Education Act of 1972, does not prohibit discrimination on the basis of homosexuality or transsexualism.

### Plaintiff's Position

Plaintiff contends that the second amended complaint establishes a cause of action for sex discrimination under Title IX of the Education Act of 1972. Plaintiff claims that Defendant Carr's, and other students' harassment and attacks against Plaintiff, were based on their perception that Plaintiff was a homosexual. Plaintiff contends that Defendant Antioch Unified School District showed deliberate indifference to Plaintiff's complaints of severe sex-

cure jurisdictional defects and granted Defendant leave to file a supplemental opposition to Plaintiff's second amended complaint. On July 17, 2000, Plaintiff filed its second amended complaint. On July 21, 2000, Defendant's

counsel informed the Court that Defendant did not intend to file a new opposition and that the Court should proceed with Defendant's Motion as submitted.

ual perception-based harassment at school. Consequently, Defendant Carr became emboldened, and assaulted and severely injured Plaintiff while on his way home from school. As a result, Plaintiff fears for his physical safety and well-being, with his fright being so pervasive that he is effectively denied access to an educational opportunity or benefit.

*Legal Standard*

■ Federal Rule of Civil Procedure 12(c) provides in part that "[a]fter the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). Moreover, the court must assume the truthfulness of the facts alleged in the complaint, and construe all inferences reasonably drawn from those facts in favor of the responding party. *See General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989). Thus, a defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. *See id.* Likewise, a plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat recovery. *See id.*

Title IX of the Education Act of 1972, 20 U.S.C.A. § 1681(a), provides in pertinent part that: "[no] person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

The United States Supreme Court recently defined the scope of Title IX with regard to student-on-student harassment claims in the case of *Davis v. Monroe County Board of Education*, 526 U.S. 629, 650, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). In *Davis*, the Court had to determine "whether a district's failure to respond to student-on-student harassment in its schools can support a private suit for money damages." *Id.* at 639, 119 S.Ct. 1661. Specifically, the complaint alleged that the deliberate indifference by the school board to unwelcome sexual advances of one student upon another student, "created an intimidating, hostile, offensive, and abus[ive] school environment in violation of Title IX." *Id.* at 634, 119 S.Ct. 1661.

As a threshold issue, the *Davis* Court acknowledged that sexual harassment is a form of discrimination for Title IX purposes. *See id.* at 648, 119 S.Ct. 1661. Ultimately, the Court concluded that funding recipients are properly held liable in damages where they are: (1) deliberately indifferent, (2) to sexual harassment, (3) of which they have actual knowledge, (4) that is so severe, pervasive, and objectively offensive, (5) that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *See id.* at 650, 119 S.Ct. 1661.

The Court explained that it is not necessary to show physical exclusion to demonstrate that a student has been deprived by the actions of another of an educational opportunity on the basis of sex. *See id.* at 651, 119 S.Ct. 1661. "Rather, a plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Id.* Lastly, the Court went on to state that whether gender-oriented conduct rises to the level of actionable "harassment" depends on a constellation of surrounding circumstances, expectations, and relationships. *See id.* "Damages are not available for simple acts of teasing and name-calling among school children, however, even when these comments target differences in gender." *Id.* Because the

plaintiff in *Davis* alleged that the defendant's conduct was severe and objectively offensive, and that it had a concrete, negative effect on her ability to receive an education, the Court reversed a 12(b)(6) dismissal of the plaintiff's Title IX claim. *See id.* at 654, 119 S.Ct. 1661. On the basis of the plaintiff's complaint, the Court could not say beyond doubt that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See id.*

The United States Supreme Court has also addressed the issue of same-sex harassment as it applies in the Title VII context. *See Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). The Supreme Court has held that Title VII jurisprudence provides guidance for interpretation of Title IX. *See Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 75, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992); *Oona v. McCaffrey*, 143 F.3d 473, 476 (9th Cir.1998). In *Oncale*, the Court held that "nothing in Title VII necessarily bars a claim of discrimination 'because of ... sex' merely because the plaintiff and the defendant ... are of the same sex." 523 U.S. at 79, 118 S.Ct. 998. The Court reasoned that Title VII prohibits discrimination because of sex, in the terms or conditions of employment, and must extend to sexual harassment of any kind that meets the statutory requirements. *See id.* at 80, 118 S.Ct. 998.

*Legal Analysis*

■ First, the Court must address a threshold issue in the case at bar. Here, Plaintiff is asserting a Title IX claim resulting from Defendant Antioch Unified School District's deliberate indifference to numerous instances of reported same sex, student-on-student harassment committed against Plaintiff. Because the Supreme Court has found same sex harassment actionable under Title VII, and Title VII is an appropriate guide in construing Title IX claims, the Court finds that same sex harassment is a form of harassment actionable under Title IX. Thus, Plaintiff's

Title IX claim should not be dismissed due to the fact that the victim and harasser, or harassers, are of the same sex. *See Oncale*, 523 U.S. at 79, 118 S.Ct. 998; *Franklin*, 503 U.S. at 75, 112 S.Ct. 1028.

Applying the standard set forth above for a Federal Rule of Civil Procedure 12(c) Motion for Judgment on the Pleadings, the Court will confine its review to Plaintiff's second amended complaint in testing the viability of the Title IX cause of action. As stated previously, the court must assume the truthfulness of the facts alleged in the complaint, and construe all inferences reasonably drawn from those facts in favor of the responding party. *See General Conference Corp. of Seventh–Day Adventists*, 887 F.2d at 230.

■ In determining whether Plaintiff in his second amended complaint states a cause of action for sex discrimination under Title IX, the Court is bound by the Supreme Court precedent cited above. As such, the Court will base its determination on the factors enumerated in *Davis*. To reiterate, federal funding recipients are properly held liable in damages under Title IX where they are: (1) deliberately indifferent, (2) to sexual harassment, (3) of which they have actual knowledge, (4) that is so severe, pervasive, and objectively offensive, (5) that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *See Davis*, 526 U.S. at 650, 119 S.Ct. 1661.

*Deliberate Indifference*

■ The Court first determines whether Defendant Antioch Unified School District acted with deliberate indifference to Plaintiff's reports of harassment. Plaintiff's complaint states that, "Plaintiff informed his teachers and school officials of the harassment, threats and intimidation." (Plaintiff's Second Amended Complaint, filed on July 17, 2000, at 3). The complaint also alleges that the teachers and officers of defendant school acted with deliberate indifference to these known acts of

harassment, threats and intimidation. *See id.* The agents and employees of Defendant Antioch Unified School District took no action to curtail the harassing conduct of Defendant Jonathon Carr, when they knew or should have known he presented a specific threat to Plaintiff's safety. *See id.* Taking these allegations as true, Plaintiff has established that Defendant Antioch Unified School District acted with deliberate indifference.

*Sexual Harassment*

■ Secondly, the Court must find that Defendant Antioch Unified School District was deliberately indifferent to "sexual harassment." As stated previously, whether gender-oriented conduct rises to the level of actionable "harassment" depends on a constellation of surrounding circumstances, expectations, and relationships. *See Davis*, 526 U.S. at 650, 119 S.Ct. 1661. "Damages are not available for simple acts of teasing and name-calling among school children, however, even when these comments target differences in gender." *Id.*

Plaintiff's complaint alleges that Defendant Jonathon Carr and other students began "harassing, intimidating, and threatening" Plaintiff while at school, "because of their belief that Plaintiff was a homosexual." (Plaintiff's Second Amended Complaint, at 3). Plaintiff also alleges that the "teachers and officer at defendant school, were aware of the widespread, general perception that Plaintiff was a homosexual." *Id.* Plaintiff ultimately contends that the harassment and threats against Plaintiff escalated into an assault and battery against Plaintiff, on or about February 23, 1999, while on his way home from school. (Plaintiff's Second Amended Complaint, at 4).

In determining whether Plaintiff was subject to sexual harassment, the court must assume the truthfulness of the facts alleged in the complaint, and construe all inferences reasonably drawn from those facts in favor of the responding party. *See General Conference Corp. of Seventh–Day Adventists*, 887 F.2d at 230. As a threshold issue, the Court notes that just as in the Title VII context, nothing in Title IX "necessarily bars a claim of discrimination 'because of ... sex' merely because the plaintiff and the defendant ... are of the same sex." *See Oncale*, 523 U.S. at 79, 118 S.Ct. 998. Thus, the Court finds that the same-sex, student-on-student harassment alleged in Plaintiff's complaint, is not a basis for dismissing Plaintiff's Title IX cause of action. Further, accepting Plaintiff's allegations as true, Plaintiff was targeted by his classmates due to his perceived sexual status as a homosexual, and was harassed based on those perceptions. Thus, although Plaintiff's complaint makes no specific characterization of the harassing conduct as "sexual" in nature, it is reasonable to infer that the basis of the attacks was a perceived belief about Plaintiff's sexuality, i.e. that Plaintiff was harassed *on the basis of sex*.

Furthermore, the Court finds no material difference between the instance in which a female student is subject to unwelcome sexual comments and advances due to her harasser's perception that she is a sexual object, and the instance in which a male student is insulted and abused due to his harasser's perception that he is a homosexual, and therefor a subject of prey. In both instances, the conduct is a heinous response to the harasser's perception of the victim's sexuality, and is not distinguishable to this Court.

The Court finds that Plaintiff's allegations of "harassment, intimidation, and threats" rise to a level above "simple acts of teasing and name-calling." Thus, construing all inferences in favor of Plaintiff, a jury could find that the alleged "threats" made against Plaintiff over a two moth period were not merely baseless attempts to "tease" Plaintiff, but were in fact dangerous threats that escalated into a violent physical attack against Plaintiff.

Drawing all reasonable inferences from the facts alleged in the complaint in favor of Plaintiff, the Court finds it possible that a jury could find that Plaintiff was a victim

of sexual harassment. The Court cannot say that Plaintiff as a matter of law, will not be able show that Plaintiff was a victim of "sexual harassment."

*Actual Knowledge*

The Plaintiff must also show that Defendant Antioch Unified School District had actual knowledge of the sexual harassment. Plaintiff's complaint states that, "Plaintiff informed his teachers and school officials of the harassment, threats and intimidation." (Plaintiff's Second Amended Complaint, at 3). Accepting this allegation as true, Plaintiff has met its burden on the face of the complaint.

*Severe, Pervasive, and Objectively Offensive*

■ Fourth, the Court must find that the sexual harassment was severe, pervasive, and objectively offensive. Plaintiff alleges that Defendant Jonathon Carr and other students began "harassing, intimidating, and threatening" Plaintiff while at school. *Id.* Plaintiff further alleges that Defendant Jonathon Carr, "repeatedly threatened, insulted, taunted, and abused plaintiff during the school day and during school activities." (Plaintiff's Second Amended Complaint, at 4). Accepting these allegation as true, the Court finds that such conduct is severe, pervasive, and objectively offensive. Again, in light of the alleged assault and battery that occurred against Plaintiff on or about February 23, 1999, and the fact that the conduct directed against Plaintiff culminated into a violent confrontation, the Court has reason to infer that the harassing conduct was severe, pervasive, and objectively offensive. Drawing all inferences from the facts in favor of Plaintiff, the Court finds that the sexual harassment was severe, pervasive, and objectively offensive.

*Deprivation of Access to an Educational Benefit*

■ Lastly, the Court must find that due to Defendant Antioch Unified School District's deliberate indifference to sexual harassment that was severe, pervasive, and objectively offensive, that Plaintiff was deprived access to the educational benefits or opportunities provided by Defendant School. Again, it is not necessary to show physical exclusion to demonstrate that a student has been deprived by the actions of another of an educational opportunity on the basis of sex. *See Davis,* 526 U.S. at 651, 119 S.Ct. 1661. "Rather, a plaintiff must establish sexual harassment of students that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Id.*

Here, Plaintiff alleges that as a direct and proximate result of Defendant Antioch Unified School District's deliberate indifference, "Plaintiff is afraid for his physical safety and well-being, with Plaintiff's fright and emotional state being so severe and pervasive, that it effectively bars Plaintiff's access to an education al opportunity or benefit." (Plaintiff's Second Amended Complaint, at 3). Accepting the allegations regarding Plaintiff's emotional state as true, the Court finds it possible that Plaintiff has suffered, and possibly continues to suffer, concrete, negative effects on his ability to receive an education. Thus, Plaintiff has met its burden on the basis of the complaint

**CONCLUSION**

Based on the foregoing, the Court concludes that Plaintiff's second amended complaint sufficiently pleads the factors enumerated by the Supreme Court in *Davis v. Monroe County Board of Education,* and as such, states a cause of action for sex discrimination under Title IX. The Court, accepting all material facts in Plaintiff's second amended compliant as true, and drawing all reasonable inferences from those facts in favor of Plaintiff, cannot say that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Judgment on the

Pleadings as to Plaintiff's First Cause of Action is HEREBY DENIED.

IT IS SO ORDERED.