**Y.C. YANG, and Eugene Zwoyer, Plaintiffs–Appellants,**

**v.**

**DAR AL–HANDASH CONSULTANTS, Defendant–Appellee.**

No. 05–15325.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed May 21, 2007.

Jacqueline C. Fagerlin, Esq., Russell F. Brasso, Esq., Foreman & Brasso, San Francisco, CA, for Plaintiff–Appellant.

H. Sinclair Kerr, Jr., Esq., Pamela Urueta, Esq., Michael John Von Loewenfeldt, Esq., Keith K. Fong, Esq., Kerr & Wagstaffe, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN and CALLAHAN, Circuit Judges, and SCHIAVELLI *, District Judge.

## MEMORANDUM **

Appellants Y.C. Yang ("Yang") and Eugene Zwoyer ("Zwoyer") (collectively "Appellants") appeal the district court's grant of a motion for judgment on the pleadings in favor of Appellee DAR Al–Handash Consultants ("DAR" or "Appellee") under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").[1] We affirm.

We review a Rule 12(c) judgment on the pleadings de novo. General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir.1989). We affirm the district court's decision because, taking Appellants' allegations in the pleading as true, the Appellee established it is entitled to judgment as a matter of law.

Before turning to the substantive issues, we first consider whether the district court erred in considering materials beyond the pleadings. Appellants contend that the district court erred in considering the terms of the disputed contracts as well

as orders issued in the prior state court actions that also concerned these contracts. We disagree.

Contrary to Appellants' position, the district court did not err in considering materials beyond the pleadings. When considering a judgment on the pleadings, a court should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed. See Sprewell v. Golden State Warriors, 266 F.3d 979, 989, amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); In re Silicon Graphics Inc. Securities Litig., 183 F.3d 970, 986 (9th Cir. 1999); Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir.1999). Because the contracts and state court orders involved here fall within these exceptions, the district court did not err in considering these materials. Nor did consideration of the materials require the district court to convert Appellee's Rule 12(c) motion into a Rule 56 motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

Appellants next argue that the district court erred by granting Appellee's Rule 12(c) motion as to Appellants' indemnification claims.[2] The district court ruled that Appellants' indemnification claims for legal fees and costs failed as a matter of

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts, so we do not discuss the facts in detail here.

2. The district court considered the indemnification claims as including both Appellants' contractual indemnity cause of action as well as any claim for legal fees and costs for Ap-

law because the "plain language" of the Guaranty Agreement and Stock Purchase Agreement ("SPA") demonstrated that the indemnity provisions applied only to suits brought by third parties. Because this is the only reasonable interpretation of the contract language, Appellee was entitled to judgment as a matter of law on the issue.[3]

Appellants next argue that the district court erred in ruling that their claims for additional compensation payments under the SPA failed as a matter of law. Because this claim appeared to be based on Appellants' claims for both breach of the Guaranty Agreement and unjust enrichment, the district court considered these theories separately. We adopt this approach here.

As to Appellants' breach of Guaranty Agreement cause of action, the district court found this claim failed as a matter of law because, as a guarantor, Appellee could not be liable for an amount greater than the obligor, a separate entity, T.Y. Lin International, Inc. ("TYLI"). The district court ruling was correct. Contrary to Appellants' position, the liability of a guarantor cannot exceed that of the primary party, the obligor. *See, e.g., State Athletic Comm'n of Cal. v. Mass. Bonding & Ins. Co.*, 46 Cal.App.2d 823, 827, 117 P.2d 75 (1941). Thus, because Appellants cannot sue Appellee under the Guaranty Agreement for compensation payments above and beyond what the state court found TYLI owed under the SPA, Appellee was entitled to judgment as a matter of law on the issue.

The district court held Appellants' unjust enrichment cause of action failed as a matter of law because such a claim "cannot lie where there exists between the parties a valid express contract covering the same subject matter"[4] and, here, there were express contracts governing the payment of the compensation payments. Appellants' unjust enrichment claim thus sought the same incentive payments governed by the SPA and Guaranty Agreement. Accordingly, the district court correctly found that Appellants' unjust enrichment claims failed as a matter of law.

**AFFIRMED.**

---

pellants' breach of the Guaranty Agreement cause of action. We adopt this approach for the purpose of this appeal.

3. The district court was also correct in refusing to allow Appellants discovery regarding the meaning of the Guaranty Agreement. If contract language is clear and unambiguous, the language controls, and there is no need to consider extrinsic evidence, such as the dis-

covery Appellants sought. Cal. Civ. Code §§ 1638–39; *Producers Dairy Delivery Co., Inc. v. Sentry Ins. Co.*, 41 Cal.3d 903, 913, 226 Cal.Rptr. 558, 718 P.2d 920 (1986)

4. *Lance Camper Manufacturing Corp. v. Republic Indemnity, Co.*, 44 Cal.App.4th 194, 203, 51 Cal.Rptr.2d 622 (1996).