MEMORANDUM **
Rebecca Kastl appeals from the district court’s grant of summary judgment to Maricopa County Community College District (“MCCCD”) on her gender discrimination claims brought under Title VII and Title IX and her constitutional claims brought under 42 U.S.C. § 1983. Kastl was an instructor for and a student of MCCCD. Following complaints that a man was using the women’s restroom, MCCCD banned Kastl, who is transsexual, from using the women’s restroom until she could prove completion of sex reassignment surgery.[1] Kastl’s contract was subsequently not renewed by MCCCD. We have jurisdiction pursuant to 28 U.S.C., § 1291, and we affirm.
In Price Waterhouse v. Hopkins, 490 U.S. 228, 251, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), the Supreme Court explained that gender stereotyping is direct evidence of sex discrimination prohibited by Title VII. Relying oh Hopkins, in Schwenk v. Hartford, 204 F.3d 1187, 1201-02 (9th Cir.2000), we held, in the context of the Gender Motivated Violence Act, that transgender individuals may state viable sex discrimination claims on the theory that the perpetrator was motivated by the victim’s real or perceived non-conformance to socially-constructed gender norms. After Hopkins and Schwenk, it is unlawful to discriminate against a transgender (or any other) person because he or she does not behave in accordance with an employer’s expectations for men or women. Accord Smith v. City of Salem, Ohio, 378 F.3d 566, 575 (6th Cir.2004). Thus, Kastl states a prima facie case of gender discrimination under Title VII on the theory that impermissible gender stereotypes were a motivating factor in MCCCD’s actions against her. MCCCD satisfied its burden of pro *494 duction under the second stage of the analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), when it proffered evidence that it banned Kastl from using the women’s restroom for safety reasons. Because Kastl did not put forward sufficient evidence demonstrating that MCCCD was motivated by Kastl’s gender, her claim is doomed at the third McDonnell Douglas stage. See Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991) (“[A Title VII] plaintiff cannot defeat summary judgment simply by making out a prima facie case.”). Kastl’s Title IX and Equal Protection claims fall with her Title VII claim. See Oona R.-S.-by Kate S. v. McCaffrey, 143 F.3d 473, 477 (9th Cir.1998) (Title IX); Sischo-Nownejad v. Merced Cmty. Coll. Dist., 934 F.2d 1104, 1112-13 (9th Cir. 1991) (Equal Protection Clause). MCCCD was entitled to summary judgment on Kastl’s constitutional privacy and expression claims also due to insufficient evidence. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Kastl’s other challenges to the district court’s decision also fail.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We note that the parties do not appear to have considered any type of accommodation that would have permitted Kastl to use a restroom other than those dedicated to men. After all, Kastl identified and presented full-time as female, and she argued to MCCCD that the men’s restroom was not only inappropriate for but also potentially dangerous to her.