MEMORANDUM **
Ronald Williams appeals pro se from the district court’s summary judgment in his action brought under 28 U.S.C. § 1361 challenging the decision of the U.S. Secretary of Education and U.S. Department of Education (collectively, “Agency”) to collect on Williams’s defaulted student loans by garnishing his wages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We *672 review de novo, Nw. Envtl. Advocates v. Nat’l Marine Fisheries Serv., 460 F.3d 1125, 1132 (9th Cir.2006), and we affirm.
The district court properly determined that the Agency’s decision to garnish Williams’s wages was not arbitrary, capricious, an abuse of discretion, or contrary to law where documents in the administrative record prove the existence, amount, and past-due status of the debt. See id. (“Pursuant to the Administrative Procedure Act, a court may set aside the decision of an administrative agency .... only if it is ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.’ ” (quoting 5 U.S.C. § 706(2)(A))).
The district court also properly determined that the pre-garnishment hearing comported with due process, and the undisputed evidence demonstrates that Williams received adequate notice and an opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (discussing factors relevant for determining whether administrative procedures satisfy due process).
The record belies Williams’s contention that the Agency improperly placed the burden on him to prove that the debt was not owed. According to the Garnishment Hearing Decision, Williams was required to prove that the debt was not owed only after the Agency demonstrated the existence, amount, and past-due status of the debt. Further, Williams has failed to show how he was prejudiced by the Agency’s alleged failure to provide him with all the relevant documentation prior to the written records hearing. See Hall v. U.S. Envtl. Prot. Agency, 273 F.3d 1146, 1163 (9th Cir.2001) (“Ordinarily, we will not overturn agency action in the absence of some prejudice.”). Also, contrary to Williams’s contentions, administrative agencies are not bound by the Federal Rules of Evidence. See Wharton v. Calderon, 127 F.3d 1201, 1205 (9th Cir.1997).
The district court properly denied Williams’s motion for judgment on the pleadings because the Agency’s Answer to Williams’s Petition raised factual disputes and affirmative defenses which, if proved, would defeat Williams’s recovery. See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir.1989) (“[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings.”).
The district court also properly denied Williams’s motion for summary judgment because that motion was based on the same arguments addressed above, and therefore Williams failed to carry his burden of showing that he was entitled to judgment as a matter of law. See Fed. R.Civ.P. 56(c).
The district court correctly denied Williams’s motion to amend the order denying his motion for summary judgment because the district court was not required to state findings or conclusions when ruling on Williams’s motion for. summary judgment. See Fed.R.Civ.P. 52(a)(3).
The district court did not abuse its discretion by denying Williams’s motion to strike the Agency’s motion for summary judgment because Williams’s motion was moot in light of the district court’s prior order granting the Agency’s motion for summary judgment. See Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1070 (9th Cir.2002) (stating standard of review).
*673 Williams’s remaining contentions are unpersuasive.
Williams’s motion for a preliminary injunction is denied. See Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir.2009) (listing requirements for entitlement to preliminary injunction); see also 20 U.S.C. § 1082(a)(2) (precluding injunctive relief against the Secretary of Education).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.