**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES BOLLA, | No. 11-15064 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00165-SOM-LK |
| v. | |
| DAVID MCCLAIN, individually and in his capacity as President of the University of Hawaii; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 14, 2012
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Appellant James Bolla brought this action against his former employer, the

University of Hawaii at Manoa ("University"), alleging, *inter alia*, retaliation in

violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("Title IX"). Bolla challenges the district court's grant of summary judgment in favor of the University on his retaliation claim due to Bolla's failure to show that the University's legitimate, non-retaliatory reasons for firing him were pretextual. The facts are known to the parties and we do not recite them here.

We generally look to Title VII standards to resolve claims brought under Title IX. *See, e.g., Oona, R.-S.- v. McCaffrey*, 143 F.3d 473, 476-77 (9th Cir. 1998) (applying Title VII standards to Title IX hostile environment claim). In order for a plaintiff to prevail on a Title IX retaliation claim, he must first make out a prima facie case of discrimination, which requires him to show that (1) he engaged in a protected activity; (2) he subsequently suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). If the plaintiff does so, then the burden shifts to the defendant to show legitimate, non-retaliatory reasons for making the adverse decision. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). If the defendant provides such reasons, the plaintiff must then "produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered [non-retaliatory] reason is merely a pretext for [retaliation]." *Id*. If he relies on circumstantial evidence to show pretext, the evidence must be "specific" and "substantial." *Cornwell v. Electra Cent.*

*Credit Union*, 439 F.3d 1018, 1030-31 (9th Cir. 2006). However, it is insufficient for the plaintiff to simply deny the defendant's proffered reason for firing him or rely on his subjective belief that the challenged employment action was unwarranted. *Id.* at 1028 n.6.

Viewing the evidence in the light most favorable to Bolla, we conclude that the University presented legitimate, non-retaliatory reasons for terminating Bolla and that Bolla failed to present specific and substantial evidence that would raise a genuine issue of fact about the believability of the University's proffered reasons for firing him. *Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 753-54 (9th Cir. 2010). Although Bolla seeks to prove retaliation by comparing his case to that of another coach who received more lenient treatment, we agree with the district court that Bolla has failed to show how he and the other coach were similarly situated. Specifically, Bolla has not shown that the other coach's conduct caused a similar reaction amongst the student athletes or that the other coach was also subject to progressive discipline. Therefore, we find that Bolla has not presented sufficiently specific and substantial evidence from which a jury could conclude that the University's reasons for firing Bolla were pretextual. *See id*.

Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of the University.