TRUSTEES OF THE CONSTRUCTION INDUSTRY and Laborers Health and Welfare Trust, et al., Plaintiffs—Appellants,

v.

DESERT VALLEY LANDSCAPE & MAINTENANCE, INC., Defendant,

and

Hartford Fire Insurance Company, et al., Defendants—Appellees.

Construction Industry Pension, et al., Plaintiffs—Appellees,

v.

Hartford Accident & Indemnity Company, et al., Defendants—Appellants,

and

Rich Manuli, Jr., et al., Defendants.

Nos. 02–15152, 02–15204, 02–15831.

D.C. No. CV–98–01246–PMP.

D.C. Nos. CV–98–01246–PMP(RJJ), CV–00–00309–PMP(RJJ).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2003.

Decided April 24, 2003.*

* Case withdrawn and published in F.3d, see 333 F.3d 923.

were not furthered in that the case had entered its third year when it was dismissed only seven days before trial. 28 U.S.C.A. § 1367(a).

---

Appeals from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM **

The district court dismissed Trustees' claims against Richardson for two reasons: It doubted that pendent party jurisdiction was constitutional and, to the extent that it was constitutional, declined to exercise supplemental jurisdiction. We review *de novo* the issue whether the district court had supplemental jurisdiction. *See Hoeck v. City of Portland,* 57 F.3d 781, 784 (9th Cir.1995). We review for abuse of discretion the district court's decision to decline supplemental jurisdiction. *See Bryant v. Adventist Health Sys./W.,* 289 F.3d 1162, 1165 (9th Cir.2002).

■ 1. Pendent party jurisdiction is constitutional so long as the pendent state law claim is part of the same "case or controversy" as the federal claim. *See Mendoza v. Zirkle Fruit Co.,* 301 F.3d 1163, 1174 (9th Cir.2002); 28 U.S.C. § 1367(a) (providing "the district courts shall have supplemental jurisdiction over all other claims that are so related to [federal claims] that they form part of the same case or controversy under Article III"). Nonfederal claims are part of the same "case" as federal claims when they " 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them

in one judicial proceeding.' " *Finley v. United States,* 490 U.S. 545, 549, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

The state law claims here are part of the same constitutional case as the ERISA claims. The debt that Trustees seeks to recover from Richardson is the same ERISA-related debt Trustees also sought to recover from Desert Valley. Richardson planned to argue as part of its equitable estoppel defense that Desert Valley did not in fact owe any ERISA contributions. Thus, the issue of Desert Valley's ERISA obligations would have been part of the trial on Richardson's state law obligation to answer for Desert Valley's debts. Pendent party jurisdiction was therefore constitutional.

■ 2. The district court also, in the alternative, invoked its discretion under § 1367(c)(3) and declined to exercise jurisdiction. To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion, and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity. *See Executive Software N. Am., Inc. v. United States Dist. Court,* 24 F.3d 1545, 1557 (9th Cir. 1994).

The district court did not dismiss the federal claim in this case, but, instead, granted a default judgment in favor of the plaintiff. Our cases upholding the exercise of discretion under § 1367(c)(3) have all involved dismissals for failure to state a claim or a grant of summary judgment to the defendant on the federal claim. *See,*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*e.g., Bryant,* 289 F.3d 1162 at (summary judgment for defendants on federal claim); *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir. 2001) (Rule 12(b)(6) dismissal of federal claims). In each case, we held it appropriate for the district court to decline jurisdiction over the pendent state claims because there was no viable federal claim. Here there is a viable federal claim, even though there has been a liability determination upon it. As the federal claim here was not dismissed, the exercise of discretion was not authorized by § 1367(c)(3).

Further, even if the district court had had the authority to exercise discretion and decline jurisdiction, it did not further the objectives of fairness and efficiency to do so. The district court permitted the Trustees to amend their complaint to add the state law claim and then managed the case through another year of discovery, bringing the case into its third year. The court then granted partial summary judgment on the state claim, only to dismiss the case seven days before trial. Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources. The dismissal was therefore an abuse of discretion.

3. Trustees attacks the clerk's award of costs to Richardson on several grounds. In light of our decision to reverse the district court's dismissal, there is no longer a final judgment to support that award. It is therefore vacated.

4. Richardson cross-appeals the district court's award of partial summary judgment as to damages in the state law claim. Where a district court erroneously dismisses a case on jurisdictional grounds, our precedents indicate that we should decline to exercise jurisdiction over prior substantive orders that would not themselves support a final judgment. *See*

*Jones–Hamilton Co. v. Beazer Materials & Servs., Inc.,* 973 F.2d 688, 693–94 & n. 2 (9th Cir.1992). We therefore do not reach the propriety of the partial summary judgment. Richardson may, of course, raise the issue in any later appeal of a final judgment on the merits in this case.

## CONCLUSION

The judgment of the district court is REVERSED and REMANDED. Award of costs VACATED.