**SUMMIT MEDIA LLC, a California limited liability company, Plaintiff,**

v.

**CITY OF LOS ANGELES, CALIFORNIA charter city, and Los Angeles Department of Building and Safety, Defendants.**

**CBS Outdoor, Inc., a Delaware corporation, and Clear Channel Outdoor, Inc., a Delaware corporation, Intervenor–Defendants.**

**No. CV 07–2649 RSWL (AJWx).**

United States District Court, C.D. California.

Jan. 2, 2008.

Andrew J. Thomas, Davis Wright Tremaine, Los Angeles, CA, Gary S. Mobley, Gary S. Mobley Law Offices, Newport Beach, CA, for Plaintiff.

Jeri L. Burge, Steven N. Blau, Rockard J. Delgadillo, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants.

Gregory Alan Fayer, Laura W. Brill, Richard B. Kendall, Irell and Manella, Janet Lynn Grumer, Kelli L. Sager, Davis Wright Tremaine, Los Angeles, CA, for Intervenor–Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT—CITY'S MOTION TO DISMISS

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

## ORDER GRANTING INTERVENING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

RONALD S.W. LEW, Senior District Judge.

Defendant, City of Los Angeles' (hereafter "City") Motion to Dismiss, Plaintiff's Motion to Strike and Intervenor Defendant, Clear Channel Outdoor, Inc.'s[1] Motion for Judgment on the Pleadings came on for regular hearing before this Court on December 19, 2007.

Having considered all the papers and arguments submitted on this matter, **THIS**

---

1. Hereafter "Clear Channel."

**COURT NOW FINDS AND RULES AS FOLLOWS:**

As a preliminary matter, each party's Requests for Judicial Notice is **GRANTED** with the exception of Exhibit ten and eleven to Defendant City's Motion to Dismiss.

Moreover, Intervenor Defendant CBS Outdoor, Inc.'s ("CBSO") Joinder in Clear Channel's Motion for Judgment on the Pleadings is **GRANTED.**

## I. DEFENDANT, CITY OF LOS ANGELES', MOTION TO DISMISS

In a Rule 12(b)(6) motion to dismiss, the Court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Klarfeld v. United States,* 944 F.2d 583, 585 (9th Cir.1991). A party need not state the legal basis for his claim, only the facts underlying it. *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990).

When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder. *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"). The court need not accept conclusory allegations or unreasonable inferences as true. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

1. *Plaintiff's First Claim For Declaratory and Injunctive Relief, First Amendment—Commercial Speech*

City argues that Plaintiff's First Claim for Relief necessarily fails because City, as a matter of law, may enact different regulations applicable to private as compared with public property. (City MTD at 13.)

Though entitled to some First Amendment protection, commercial speech is afforded less protection than other forms of expression. *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n,* 447 U.S. 557, 562–63, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). The Supreme Court has reiterated and reaffirmed that the Central Hudson test is appropriately employed in determining "whether a particular commercial speech regulation is constitutionally permissible." *Thompson v. W. States Med. Ctr.,* 535 U.S. 357, 367, 122 S.Ct. 1497, 152 L.Ed.2d 563 (2002). The protection for a particular commercial expression turns on the nature of the expression and the governmental interests served by its regulation. *Central Hudson,* 447 U.S. at 562–63, 100 S.Ct. 2343.

■ Under *Central Hudson,* a governmental restriction on commercial speech is protected by the First Amendment if the speech: (1) concerns lawful activity and is not misleading; (2) seeks to implement a substantial governmental interest; (3) directly advances that interest; and (4) reaches no further than necessary to accomplish the objective. *Id.* at 562–66, 100 S.Ct. 2343. The Supreme Court has held that traffic safety and a city's aesthetics are substantial governmental interests. *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 507–08, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981).

With regard to the third prong, that the regulation directly advance the government's interests, the Supreme Court has noted that "[t]his burden is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must

demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." *Greater New Orleans Broad. Ass'n v. United States,* 527 U.S. 173, 188, 119 S.Ct. 1923, 144 L.Ed.2d 161 (1999) (citation omitted). Therefore, "the regulation may not be sustained if it provides only ineffective or remote support for the government's purpose." *Id.* (quoting *Central Hudson,* 447 U.S. at 564, 100 S.Ct. 2343).

■ Here, Plaintiff concedes that the first two prongs of *Central Hudson* have been met. (Opp. City's MTD at 5.) Plaintiff, however, contends that, as to the third and fourth prong, Plaintiff has properly stated a claim for relief. (Opp. City's MTD at 5–6.) According to Plaintiff, City's contention that the enactment of the Signage Ordinance "is to promote public safety"[2] is directly undermined by City's contracts with other billboard companies. Plaintiff has adequate stated a claim for relief. Plaintiff alleges that the Sign Ordinance is unconstitutional as applied because it improperly limits commercial speech and City's justification for the limitation is inadequate. Because this pleading effectively shifts the burden to City, City's Motion to Dismiss Plaintiff's First Claim is **DENIED.**

### 2. *Plaintiff's Second Claim For Relief*

■ City moves to dismiss Plaintiff's Second Claim for Relief for failure to adequately state a claim for relief. According to City, Plaintiff's facial challenge fails because the statute in question does not by its terms seek to regulate speech. (City MTD at 15, citing *Roulette v. City of Seattle,* 97 F.3d 300, 303 (9th Cir.1996).)

"Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Freedman,* 380 U.S. at 57, 85 S.Ct. 734 (quoting *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963)) (internal quotation marks omitted). In *Freedman,* the Supreme Court detailed the "procedural safeguards" that must accompany prior restraints on speech, setting a high hurdle for the government to clear before a restraint can be held constitutional. *Id.* at 58. *Freedman* concluded that "only a judicial determination in an adversary proceeding ensures the necessary sensitivity to freedom of expression, [thus] only a procedure requiring a judicial determination suffices to impose a valid final restraint." *Id.* The question is not whether there is indeed censorship, but whether there are fixed objective standards governing the exercise of a First Amendment activity. *See City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 757–58, 108 S.Ct. 2138, 100 L.Ed.2d 771 (1988).

Here, Plaintiff alleges in its complaint that the exceptions created by City for "off-site signage on City-owned property or permitted pursuant to a variance, legally adopted specific plan, supplemental use district approved development agreement contain no standards whatsoever to control the City's exercise of its discretion to allow

---

**2.** Justifications for ban: (1)[t]hat the design, construction, installation, repair and maintenance of signs will not interfere with traffic safety or otherwise endanger public safety, (2)[t]hat the regulations will provide reasonable protection to the visual environment while providing adequate conditions for meeting sign users['] needs; (3)[t]hat incompatibility between signs and their surroundings will be reduced; (4)[t]hat both the public and sign users will benefit from signs having improved legibility, readability and visibility; (5)[t]hat consideration will be given to equalizing the opportunity for messages to be displayed; and (6)[t]hat adequacy of message opportunity will be available to sign users without dominating the visual appearance of the area. Sign Ordinance at § 91.6201.2.

off-site signage under these exceptions." (Compl. at ¶ 67.)

City does not dispute this point and instead focuses on the fact that the ordinance does not by its terms "regulate speech." (City MTD at 5.) As an initial matter, City is misreading the holding in *Roulette*. In *Roulette*, the challenged ordinance prohibited laying or sitting on the sidewalk. *Roulette*, 97 F.3d at 304. Whereas here, the ordinance is regulating the use of billboard signs, which contains speech or other conduct commonly associated with expression.

Plaintiff has adequately plead a prior restraint on speech in violation of the First Amendment because Plaintiff has alleged that the Ordinance fails to have fixed objective standards governing the exercise of a First Amendment activity. Therefore, City's Motion to Dismiss Plaintiff's Second Claim is **DENIED.**

### 3. Plaintiff's Third Claim For Regulation of Non–Commercial Speech

City moves to Dismiss Plaintiff's Third Claim for Relief on the basis that the regulations are content neutral. (City MTD at 16–17.) According to Plaintiff, the impact of the regulation will be to limit noncommercial speech because any permit holder will refuse to allow non-commercial speech in place of commercial speech for which they are compensated. (Opp. City's MTD at 11.)

Plaintiff alleges that LAMC § 91.6205.1 impermissibly discriminates in favor of commercial speech. Taking inferences in favor of Plaintiff, the non-moving party, Plaintiff has adequately stated a claim for relief.

**3.** Clear Channel and CBS filed suit against the City of Los Angeles in October 2002 to challenge Los Angeles Municipal Codes appli-

Therefore, City's Motion to Dismiss Plaintiff's Third Claim is **DENIED.**

### 4. Plaintiff's Fourth Claim for Relief Based on Regulation of Speech Based on Content

City moves to dismiss Plaintiff's Fourth Claim for Relief on the basis that Plaintiff does not have standing to bring this claim. (City MTD at 17.) Plaintiff however asserts that it is not challenging the Settlement Agreements[3] entered into by City with other Media companies, but that those agreements render the City's general prohibition of off site signs unconstitutional as applied. (Opp. at 12.)

As an initial matter, Plaintiff claims not to be challenging the agreements per se, but the effect of the agreements on public speech, which would cause the requisite injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)(holding that a party must suffer an injury that is traceable to the defendants' allegedly improper conduct and is likely to be redressed by the requested relief). As such, Plaintiff would have standing to bring the action.

Here, the Settlement Agreement is a result of litigation brought by various billboard business operators against the City of Los Angeles challenging several newly-enacted Ordinances. The Settlement Agreement provides that the contracting businesses will not be "denied a permit . . . based upon the fact that the sign . . . fall[s] within a prohibition . . . of the following Ordinances." [Decl. Blau, Ex. 8, p. 6]. Therefore, the agreement provides that certain businesses may violate City Ordinances, while others are subject to their enforcement.

cable to the billboard business. The parties reached a settlement agreement in September 2006 ("Settlement Agreement").

On its face, the agreements do not regulate speech. However, as applied, these contracts allow for some parties to speak while others, including non-commercial entities are prohibited from erecting new billboards. When viewed in the light most favorable to Plaintiff, this could cause a preference for commercial speech over non-commercial speech, which would regulate speech based on content. Consequently, Plaintiff has adequately plead that City is regulating speech based on content.

Thus, City's Motion to Dismiss Plaintiff's Fourth Claim is **DENIED.**

5. *Plaintiff's Fifth Claim for Relief Based on the Inspection Program Ordinance being Unconstitutional on its Face*

City Contends that Plaintiff fails to properly state a claim for relief for its Fifth Claim and that the Claim itself is barred by the statute of limitations. (City MTD at 18.) Plaintiff counters that it is bringing the action under the First and Fourteenth Amendments and, therefore, the California Civil Procedure Code sections 860 and 863 limitation of sixty days is inapplicable.

■ The statute of limitations does not apply to the facial challenge of a statute that infringes First Amendment freedoms as such a statute inflicts a continuing harm. *See 3570 East Foothill Blvd., Inc. v. City of Pasadena,* 912 F.Supp. 1268, 1278 (C.D.Cal.1996) (noting that such a challenge is different in a takings context because there, the very enactment of the statute inflicts harm); *Santa Fe Springs Realty Corp. v. City of Westminster,* 906 F.Supp. 1341, 1364–65 (C.D.Cal.1995) ("Because strong policy reasons militate in favor of permitting facial challenges to statutes that impinge upon protected First Amendment rights, the statute of limitations should not preclude a plaintiff from bringing a facial challenge more than one year after the statute is enacted."). As such, Plaintiff's claims are not barred by the statute of limitations.

Plaintiff alleges that the inspection requirement (LAMC 91.6205.18) is invalid on its face because it violates the First and Fourteenth Amendments and amounts to a taking because it discriminates between on-site and off-site signs. Plaintiff also alleges that the fee ($314.00) is impermissible.

■ The inspection requirement requires each owner to pay an annual fee, which covers the costs of the inspection. The inspection is to determine whether the sign is in compliance with the ordinance. There is no content based requirement, nor does the ordinance state any such limitations. However, the inspection does not list any requirements or the possible ramifications of failing the inspection. Indeed, the inspection regulation does not contain any specific information that would guide a party on how to prepare for the inspection. Moreover, City concedes that Plaintiff is able to challenge the fee requirement. (City Reply at 13.)

Based on the above, City's Motion to Dismiss Plaintiff's Fifth Claim is **DENIED** because Plaintiff has not exhausted the statute of limitations and has adequately plead a claim for relief.

6. *Plaintiff's Sixth Claim for Violation of Equal Protection*

■ City contends that Plaintiff fails to properly state a claim for equal protection. To establish a claim for equal protection, a plaintiff must show that it has been denied the same protection of law which is enjoyed by other persons in like circumstances. *See City of Cleburne, Tex. v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

Plaintiff pleads that it is similarly situated with CBSO and Clear Channel because "they are both companies engaged in outdoor advertising business in the Los Angeles area." (Opp. at 6.) However, Plaintiff's characterization of the classification is inaccurate. Plaintiff is not similarly situated to either CBSO or Clear Channel in this instance because Plaintiff did not take part in the settlement that gave rise to the challenged activity.

Plaintiff states that it intends to amend the Complaint to include "other provisions of the City's Sign Ordinance, including the general prohibition of off-site signs and the right to convert existing billboards to 'digital displays.'" (Opp. at 5, fn.4.) However, Plaintiff's proposed amendment would be futile. Plaintiff cannot plead that it is a member of a protected class, or that it is similarly situated to entities that settled a prior lawsuit, because it is not.

Where an action does not implicate a suspect classification such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that: (1) he was intentionally treated differently from others similarly situated; and (2) there was no rational basis for the difference in treatment. *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (reversing dismissal where plaintiff alleged that municipality demanded 33–foot easement as condition of connecting to water line, as opposed to 15–foot easement demanded of other property owners in same subdivision).

Conclusory allegations of discrimination are insufficient to withstand a motion to dismiss unless the plaintiff alleges facts that may prove invidious discriminatory intent. *Harper v. Poway Unified Sch. Dist.*, 345 F.Supp.2d 1096, 1108 (S.D.Cal. 2004). Thus, to state a valid claim of discrimination, a plaintiff must plead facts to show that the defendant acted in a discriminatory manner and that the discrimination was intentional. *Id.*

Plaintiff does not and cannot plead that there was no rational basis for City's actions. Indeed, the Settlement Agreement evidences multiple rational justification for City's actions. For example, City required the removal of several signs, Intervenor Defendants agreed and paid the cost for the removal. Therefore, there appears at least a rational basis for City's actions.

Contrary to Plaintiff's assertions in it's opposition, the Complaint does not allege any invidious or purposeful discrimination. Moreover, the Settlement Agreement was entered into in order to resolve disputes between City and Intervenor Defendants. As evidenced by the agreement itself, both parties made significant compromises to reach the settlement. Therefore, unless Plaintiff can plead facts sufficient to show that City actually entered into the agreement with the intent of discriminating against Plaintiff, an amended complaint will not survive the pleading stage.

Plaintiff instead argues that City was unable to waive or consent to a violation of its own zoning laws. (Opp. at 7.) Plaintiff's statement of the law is well founded, however, that is not the issue before this Court. The precedent cited by Plaintiff does not examine equal protection claims and is thus inapplicable to this analysis. Any challenge to the Settlement Agreement is more properly brought before the state court that approved the settlement and has retained jurisdiction.

Therefore, based on the analysis above, City's Motion to Dismiss Plaintiff's Sixth Claim is **GRANTED** without prejudice. Plaintiff is hereby **GRANTED** leave to amend this claim in compliance with this holding.

### 7. Plaintiff's Seventh Claim for Anti–Trust Violation

City argues that Plaintiff fails to properly state a claim for anti-trust violation. (City MTD at 22.) Plaintiff, however, counters that it has stated a claim and Defendant is incorrectly identifying its ownership percentage. (Opp. at 14.)

For a private Plaintiff to establish a claim for anti-trust violation under 15 U.S.C. § 2 the plaintiff must plead the following: (1) specific intent to control prices or destroy competition; (2) predatory or anti-competitive conduct directed at accomplishing that purpose; (3) dangerous probability of achieving "monopoly power"; and (4) causal anti-trust injury. *Rebel Oil v. Atlantic Richfield,* 51 F.3d 1421, 1432 (9th Cir.1995). Moreover, zoning regulations resulting in anti-competitive practices or conditions do not generally violate federal anti-trust laws. *See City of Columbia v. Omni Outdoor Advertising,* 499 U.S. 365, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991).

City attacks the Complaint on a factual basis, which is inappropriate at this stage of the litigation. City may indeed be accurate that its ownership does not amount to a possible monopoly. However, Plaintiff has plead each of the required elements with some specificity, and thus, the claim can survive the pleading stages.

Therefore, City's Motion to Dismiss Plaintiff's Seventh Claim for Relief is **DENIED.**

### 8. Plaintiff's Eighth Claim for Violation of 42 U.S.C. § 1983 or Title VII

■ City moves to Dismiss Plaintiff's Eighth Claim based on Plaintiff's failure to state a claim. (City MTD at 23.) Plaintiff's Complaint states that City has deprived Plaintiff's of their civil rights. From this, the Court infers that Plaintiff is attempting to articulate a violation under 42 U.S.C. § 1983 or Title VII.

It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, see *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and in California, that limitations period is two years. See Cal.Code Civ. P. § 335.1. "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. v. County of Santa Cruz,* 936 F.2d 1084, 1086 (9th Cir.1991).

Plaintiff fails to allege facts sufficient to determine whether Plaintiff has complied with the statute of limitations requirements. Therefore, Defendants' Motion to Dismiss Plaintiff's Eighth Claim is **GRANTED** with leave to amend.

### 9. Plaintiff's Ninth Claim for Mandate

■ Plaintiff's Ninth Claim for Relief seeks a writ of mandate to force City to enforce equally its Inspection Program Ordinance. (Compl. at 29.) This mandate would necessitate invalidating the Settlement Agreement. Therefore, Plaintiff is asking this Court to review the propriety of the Settlement Agreement stemming from the Superior Court action.

Federal district courts are not able to exercise "appellate jurisdiction over state court decisions." *Olson Farms v. Barbosa,* 134 F.3d 933, 936 (9th Cir.1998). This is true even where the state court's decision "involves federal constitutional issues." *Id.*

A state law claim is part of the same case or controversy when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. *Trs. of the Constr. Indus. & Laborers*

*Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir.2003), *Trustees of Construction Industry and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 64 Fed.Appx. 60 (9th Cir.2003) (internal quotations and citations omitted). In exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis to determine whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1557–58 (9th Cir.1994). A court may decline to exercise jurisdiction over a supplemental state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Several factors lead the Court to decline to exercise jurisdiction over the writ of mandate claim. First, the claim would require the Court to review the previous holding of a state law court on state law issues, something a District Court may not do. See *Olson*, 134 F.3d at 936 (holding that District Courts have no appellate jurisdiction over state law courts.) Second, the Court has ruled above to dismiss Plaintiff's only related claim, thus leaving only unrelated federal law questions before this Court. Therefore, the Court declines to exercise jurisdiction over this claim as the claim is more properly brought in state court.

Consequently, the Court **GRANTS** City's Motion to Dismiss with prejudice as to Plaintiff's Ninth Claim for Relief.

## II. PLAINTIFF'S MOTION TO STRIKE INTERVENOR–DEFENDANT CBS OUTDOOR'S COUNTER CLAIM

Plaintiff moves to Strike Intervenor–Defendant CBS Outdoor's ("CBSO") counter claim for declaratory relief based on California's Anti–SLAPP statute.

 California's Anti–SLAPP statute allows a defendant to bring a motion to strike the complaint and recover attorney's costs where the complaint "arises from acts in furtherance of a person's right of petition or free speech under United States or California Constitution ..." Cal. Civ.Proc.Code 425.16.[4] Put more succinct-

---

4. Section 425.16 states in pertinent part:

(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances ... To this end, this section shall be construed broadly.

(b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

. . . . .

(c) In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and

ly, where a plaintiff or cross-claimant files a complaint arising from another party's assertion of their right to free speech, that complaint is subject to an anti-SLAPP motion.

The Ninth Circuit has previously confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir.1999)

However, "[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure." Indeed, certain discovery-limiting provisions of the anti-SLAPP statute are not applied in federal court because they would conflict with Fed.R.Civ.P. 56. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001); *see also Verizon Del., Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir.2004).

Several District Courts have determined that the Anti–SLAPP statute does not apply to federal question claims in federal court because such application would frustrate substantive federal rights. *See Globetrotter Software, Inc. v. Elan Computer Group. Inc.*, 63 F.Supp.2d 1127, 1130 (N.D.Cal.1999); *In re Bah*, 321 B.R. 41, 46 (9th Cir.BAP2005) ("We ... agree with the *Globetrotter* court that the anti-SLAPP statute may not be applied to matters involving federal questions ..."). *See also New Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1099–100 (C.D.Cal.2004)("Defendant properly directs its anti-SLAPP motion only to the pendant state law claims set out in the Complaint.")

In considering an anti-SLAPP motion, the court must engage in a two-step process. First, it must determine whether the moving party has made an initial prima facie showing that the plaintiffs claims "arise from acts of the [moving party] taken to further the [moving party's] right of free speech or petition in connection with a public issue." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal.App.4th 1050, 1061, 28 Cal.Rptr.3d 933 (2005). To make this determination, the court must consider "the pleadings, and supporting and opposing affidavits stating the facts [on] which the liability or defense is based." *Martinez v. Metabolife Int'l, Inc.*, 113 Cal.App.4th 181, 186, 6 Cal.Rptr.3d 494 (2003). If the moving party fails to carry its initial burden, the anti-SLAPP motion must be denied. *Id.* If the moving party makes the prima facie showing, however, the burden shifts to the plaintiff to demonstrate a "probability that the [opposing party] will prevail on the claim." Cal.Civ.Proc.Code § 425.16(b)(1). *See also Ingels*, 129 Cal.App.4th at 1061, 28 Cal. Rptr.3d 933. To satisfy this burden, the plaintiff must show that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife*, 264 F.3d at 840(citing *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 33 Cal.Rptr.2d 446 (1994)). In other words, the burden is "much like that used in determining a motion for nonsuit or directed verdict, which mandates that 'no reasonable jury' could find for the plaintiff." *Id.* If the plaintiff fails to make the requisite showing, the motion to strike must be granted. *Ingels*, 129 Cal.App.4th at 1061–62, 28 Cal. Rptr.3d 933.

reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section

128.5.

Anti–SLAPP Motions challenge particular causes of action, rather than individual allegations or theories supporting a cause of action. Cal.Civ.Proc.Code § 425.16(b)(1). Where a complaint contains both SLAPP and non-SLAPP causes of action, the SLAPP claims alone may be stricken. *Shekhter v. Financial Indem. Co.*, 89 Cal. App.4th 141, 150, 106 Cal.Rptr.2d 843 (2001).

CBSO's single counter claim is brought under 28 U.S.C. § 2201[5], which is a federal cause of action seeking declaratory relief. *Id.* The cause of action for which Plaintiff seek anti-SLAPP relief involves exclusively federal law claims. Therefore, the California statute is not an applicable relief. However, as the Ninth Circuit has yet to confirm these District Court opinions, further analysis is warranted.

CBSO maintains that their counter claim for declaratory relief does not "arise" out of Plaintiff's original claims and therefore anti-SLAPP is inapplicable. For this proposition, CBSO cites, *City of Cotati v. Cashman*, 29 Cal.4th 69, 124 Cal.Rptr.2d 519, 52 P.3d 695 (Cal.2002).[6] (CBSO's Opp. at 6–7). In *Cotati*, the Plaintiff brought an action seeking a declaration that an ordinance was unconstitutional. In turn, the City filed a counter claim seeking a declaration that the ordinance was constitutional. *Id.* at 72, 124 Cal.Rptr.2d 519, 52 P.3d 695. In holding that the anti-

SLAPP statute could not be used to strike City's counter claim, the California Supreme Court determined that to construe "arising from" in section 425.16, subdivision (b)(1) as meaning "in response to," would in effect render all cross-actions potential SLAPP's, and that the Legislature could not have intended such an absurd result. *Id.* at 76, 124 Cal.Rptr.2d 519, 52 P.3d 695.

Based on the above, CBSO's counter claim would not be subject to the anti-SLAPP statute because it did not "arise" from Plaintiff's allegations in the First Amended Complaint. CBSO seeks resolution of the validity of the same ordinance that Plaintiff is challenging, however, CBSO's claim does not arise from Plaintiff's filing of its action. Consequently, Plaintiff's Motion to Strike is **DENIED**.

## III. *INTERVENOR–DEFENDANT CLEAR CHANNEL OUTDOOR'S MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS PLAINTIFF'S SIXTH AND NINTH CLAIMS FOR RELIEF*

Judgment on the pleadings is appropriate under Rule 12(c) when the moving party establishes on the face of the pleadings that there are no issues of material fact and that it is entitled to judgment as a matter of law.[7] *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542,

---

**5.** (a) In a case of actual controversy within its jurisdiction, except … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 USCS § 2201

**6.** The anti-SLAPP statute cannot be read to mean that "any claim asserted in an action

which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is based on conduct in exercise of those rights." *See ComputerXpress, Inc. v. Jackson*, 93 Cal.App.4th 993, 1002, 113 Cal.Rptr.2d 625 (2001).

**7.** Rule 12(c) provides: "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c).

1550 (9th Cir.1990); *General Conference Corp. v. Seventh–Day Adventist Church,* 887 F.2d 228, 230 (9th Cir.1989), *cert. denied,* 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990).

All allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *General Conference,* 887 F.2d at 230. Unless it appears "to a certainty" that no relief is possible under any state of facts the plaintiff could prove in support of its claim, the motion for judgment on the pleadings must be denied. *Mostowy v. United States,* 966 F.2d 668, 672 (1992).

In ruling on a Rule 12(c) motion, the court may not consider extrinsic evidence unless the motion is converted into a Rule 56 summary judgment. *Hal Roach Studios, Inc.,* 896 F.2d at 1550. However, documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence; thus, these documents are properly considered in a Rule 12(c) motion. *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 n. 4 (5th Cir. 1998).

Intervenor–Defendants move for a judgment on the pleadings as to Plaintiff's Sixth and Ninth cause of action. The Court previously granted City's Motion to Dismiss these same claims. The Court finds, under the identical reasoning above, that there is ample evidence before the Court to **GRANT** Intervenor Defendants' Motion on the Pleadings. Therefore, Plaintiff's Sixth and Ninth Claims are adjudicated in favor of Intervenor Defendants.[8]

---

**8.** Nothing in this ruling prevents Plaintiff from amending its Sixth Claim against Defendant City.

## IV. CONCLUSION

Based on the reasons stated above, City's Motion to Dismiss is **GRANTED** as to Plaintiff's Fifth and Sixth Claim for Relief without prejudice. Plaintiff is permitted 20–days to amend those claims. City's Motion to Dismiss Plaintiff's Ninth Claim for Relief is **GRANTED with prejudice.**

Plaintiff's Motion to Strike is **DENIED.**

Intervenor Defendants' Motion for Judgment on the Pleadings is **GRANTED.**

**IT IS SO ORDERED.**